# Joseph Stewart, Appellee, v. The Vandalia Railroad Company, Appellant.

1. EVIDENCE—*what not part of res gestae.* A conversation between an engineer and a conductor of a train out of the presence of the plaintiff, *held,* no part of the *res gestae* and in nowise binding upon the plaintiff who was suing a carrier for injury of a horse owned by the plaintiff.

2. COMMON CARRIERS—*when limitations of liability not enforced.* Limitations of liability sought to be imposed by a carrier will not be enforced against the shipper unless he is shown to have assented thereto.

Appeal from the Circuit Court of Edgar county; the Hon E. R. E. KIMBROUGH, Judge, presiding. Heard in this court at the May term, 1911. Affirmed. Opinion filed October 14, 1911.

DYAS & DYAS, for appellant; OUTTEN, ROBY, EWING & McCULLOUGH, of counsel.

H. S. TANNER and FRANK T. O'HAIR, for appellee.

MR. PRESIDING JUSTICE PHILBRICK delivered the opinion of the court.

Plaintiff shipped a race horse over defendant's railroad from Paris, Illinois, to Monticello, Illinois. In his declaration, plaintiff alleges that by reason of negligence on the part of the defendant in careless and improper handling and movement of the car while switching it and while in the train in going from Paris to Monticello, the horse became sprained in the hips and back and was bruised and otherwise greatly injured and damaged. Trial below resulted in a judgment against defendant for $375. It seeks to reverse this judgment upon the ground that the evidence does not sustain the charge of negligence in the handling and movement of the car in which the horse was placed, and also on the ground

that plaintiff signed a shipping contract for the shipment of this animal, in and by which contract it was required that any claim for damages should be made within five days after the removal of the animal from the car, and that no such claim was made by plaintiff until long after that time.

The question of the handling and the movement of the car while the horse was in transit and whether or not the horse was damaged by reason of any improper or violent movement of the car or train were both questions of fact for the jury, to be determined by them upon the consideration of all the evidence under proper instructions of the court.

Complaint is made of the refusal to permit defendant to show a conversation between the engineer and conductor of the train on which the horse was taken from Paris to Monticello. This conversation was between employes of the defendant, plaintiff was not present nor any one representing him, and it was no part of the *res gestae* of the action, and the court did not err in sustaining the objection to this conversation.

The evidence on the question of how the car was handled and whether or not injury was occasioned thereby was conflicting and we are not prepared to say there is not sufficient evidence in this record to warrant the finding of the jury.

Upon the question of the requirements of the contract that claim should be made within five days after the horse was removed from the car, the burden was upon the defendant to show that the shipper knew the conditions of the contract and that he voluntarily assented thereto. The record does not disclose that the shipper's attention was in any manner called or directed to the terms and conditions of this contract. To sustain this contention, defendant relies wholly upon the fact that plaintiff had shipped horses a number of times over various railroads, and had at one

time read a contract with the railroad company and the question as to whether or not in this instance the shipper's attention was called to and he knew the conditions of this contract was one of fact for the jury, and by their verdict they have found against the defendant on this question, and we are not prepared to say that they were not justified in so doing.

There being no error upon the giving and refusing of instructions by the court, the judgment is affirmed.

*Affirmed.*